1  TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
   SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
2  A Professional Corporation
   12651 High Bluff Drive, Suite 300
3  San Diego, California  92130
   Telephone: (858) 793-8500
4  Facsimile: (858) 793-8263

5  Attorneys for Secured Creditor/Movant
   SAN DIEGO COUNTY CREDIT UNION

6

7

8                UNITED STATES BANKRUPTCY COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  In re                          )   Case No:   09-19847-B13
                                   )
11                                 )   Chapter 13
        JUAN JOSE HERNANDEZ and    )
12      CELIA HERNANDEZ,           )   RS No: TJS-001
                                   )
13                                 )   STIPULATION FOR ORDER FOR
            Debtors.               )   ADEQUATE PROTECTION
                                   )
14  _____)
                                   )
15  SAN DIEGO COUNTY CREDIT UNION, )   Date:   March 16, 2010
                                   )   Time:   2:00 pm
16          Movant,                )   Dept:   4
                                   )   Room:
17  -vs-                           )
                                   )
18  JUAN JOSE HERNANDEZ; CELIA     )
    HERNANDEZ; THOMAS H.           )
19  BILLINGSLEA, Chapter 13 Trustee,)
                                   )
20          Respondents.           )
                                   )
21  _____)

22          Secured Creditor, SAN DIEGO COUNTY CREDIT UNION ("SDCCU") by and through

23  its attorneys of record, Solomon, Grindle, Silverman & Spinella, by Timothy J. Silverman, Esq.

24  and the Debtors, JUAN JOSE HERNANDEZ and CELIA HERNANDEZ (collectively "Debtor"),

25  by and through their attorney of record, the Law Office of Mark Ankcorn, by Mark Ankcorn, Esq.

26  enter into this Stipulation for Order for Adequate Protection based upon the following facts.

27  ///

28  ///

                                    1

## RECITALS

1.    On December 29, 2009, the Debtor filed a voluntary Chapter 13 bankruptcy case.

2.    On or about September 8, 2003, the Debtor executed and delivered to SDCCU a written Note ("Note"), for value received.  Pursuant to the terms of Note, the Debtor promised to pay to SDCCU the principal sum of $381,000.00 commencing on or about November 1, 2003, and continuing until paid in full.  The current monthly payment is $1,642.13.

3.    To secure repayment of the Note, on or about September 8, 2003, the Debtor granted to SDCCU a beneficial interest under a first priority Deed of Trust.  This Deed of Trust encumbers residential real property located at 1137 Pacifica Avenue, Chula Vista, CA 91913 (the "property").  The Deed of Trust was recorded on September 23, 2003 in the Official Records of San Diego County, California as Instrument No. 2003-1165909.

4.    On or about January 1, 2010, the Debtor defaulted on the post-petition mortgage payments due to SDCCU.  The Debtor is delinquent for the January, 2010 through March, 2010 regular post-petition payments plus late charges and legal expenses.

5.    SDCCU is informed and believes that the liens encumbering the property are as follows:

        (a)    a First Deed of Trust in favor of SDCCU securing an approximate principal obligation of $337,638.30.

        (b)    a Second Deed of Trust in favor of SDCCU securing an approximate principal obligation of $249,298.25.

6.    Based upon the Debtor's Schedules A and D, SDCCU is informed and believes that the approximate fair market value of the property is $442,000.00.

7.    Pursuant to its rights as a secured creditor, SDCCU served a Motion for Relief from Automatic Stay to enforce its lien upon the real property of the Debtors.  By this Stipulation, the parties wish to resolve the disputed issues in SDCCU's Motion.

        Based upon the foregoing facts, SDCCU and the Debtors stipulate and agree as follows:

///

///

## STIPULATION

A.     The Debtors acknowledge for the purposes of this Stipulation that as of March 10, 2010, post-petition arrearages exist in the amount of $7,848.82.  Arrears as follows:

First DOT

| | |
|---|---|
| 1/1/10 - 3/1/10 payments of $1,642.13 each | $4,926.39 |
| (2) late charges of $82.11 each | $164.22 |
| Legal expenses | $625.00 |
| Total Arrearages on 1st DOT | $5,715.61 |

Second DOT

| | |
|---|---|
| 1/1/10 - 3/1/10 payments of $688.13 each | $2,064.39 |
| (2) late charges of $34.41 each | $68.82 |
| Total Arrearages on 2nd DOT | $2,133.21 |

B.     On or before March 23, 2010, the Debtors shall provide to SDCCU the sum of $7,858.82 representing post-petition arrearages as detailed above.

C.     Commencing on April 1, 2010, and continuing on the first day of each month thereafter until the indebtedness is paid in full or a Court Order is entered to the contrary, the Debtors shall make regular monthly payments to SDCCU located at presently in the amount of $1,642.13 per month, or as may be adjusted pursuant to the terms of the Note and Deed of Trust. The Debtors shall make all post-petition payments on the loan secured by the second priority trust deed.

D.     In addition to maintaining their mortgage payments, the Debtors shall be required to maintain all plan payments to the Chapter 13 Trustee.

E.     Further, in addition to the Debtors maintaining their mortgage and plan payments, the Debtors must maintain current insurance and post-petition taxes.

///

F.      Provided that the payment addressed in §B above is timely received, should the Debtors fail to make any future payment thereafter by the end of the grace period, then SDCCU may serve a letter upon the Debtors and Debtors' counsel by first class postage immediately thereafter, which instructs the Debtors that unless the missed payment is received by way of a bearer instrument (cashier's check, money order, etc.) within ten (10) days of the date of the letter that SDCCU shall be allowed to submit a Declaration and proposed Order for relief form automatic stay on an ex parte basis outlining the default and failure to cure. The only issue to be determined by the Court shall be whether the Debtors cured the default within the ten (10) day notice period.

G.      If relief from stay is granted by virtue of default, the 14-day stay of Bankruptcy Rule 4001(a)(3) shall be hereby waived.

H.      Upon foreclosure, in the event the Debtors or any successor or assign, fails to deliver up possession of the subject property, SDCCU shall be permitted to proceed with its remedies available in State Court, including that of unlawful detainer.

Dated:  3 - 11 - 2010            SOLOMON, GRINDLE, SILVERMAN & SPINELLA, A
                                 P.C.

                                 By:_____
                                 Timothy J. Silverman, Esq.
                                 Attorneys for Secured Creditor, SAN DIEGO COUNTY
                                 CREDIT UNION

Dated:  3 - 10 - 2010            LAW OFFICE OF MARK ANKCORN

                                 By:_____
                                 Mark Ankcor, Esq.,
                                 Attorney for Debtors

APO

4